## IN RE CONNOR'S ESTATE.

[Submitted July 23, 1895. Decided July 29, 1895.]

EXECUTORS—*Qualifications—Appeal.*—Where an application for appointment as executor was denied for reason of non-residence under section 45 of the probate practice act, and at the time of the hearing of an appeal from the judgment the Code of Civil Procedure of 1895 had taken effect, which, in section 2401 thereof, omitted the disqualification of said section 45, the case will be remanded with directions to dismiss the application without prejudice to the making of a new application under the law then in force.

*Appeal from Seventh Judicial District, Yellowstone County.*

APPLICATION for issuance of letters testamentary. The application was denied by MILBURN, J. Remanded.

*Strevell & Porter,* for Appellant.

PER CURIAM.—This is an appeal by M. C. Connors, Jr., from the judgment of the district court denying his application for the issuance of letters testamentary. His father, the testator, died a resident of the state of South Dakota. The will appointed the applicant executor.

The decision of the court was made under the authority of section 45, Prob. Prac. Act, which is as follows: "Section 45. No person is competent to serve as executor who at the time the will is admitted to probate, is; First. * * * Second. * * * Third. * * * or who is absent from or resides out of the state." The will was probated in South Dakota, and a certified copy of the proceedings of the Dakota court presented, with the application for appointment, in Custer county, Montana. The will was admitted to probate by the district court in Custer county; but the appointment of the applicant as executor was denied. This judgment was made June 4, 1895.

We incline to the opinion that the district court was correct in its judgment. But we refrain from a discussion or a deci-

sion of the question, for the reason that it appears that perhaps the applicant has been placed in a better position by virtue of the provisions of section 2401 of the Code of Civil Procedure of 1895, which took effect on July 1, 1895. That section treats the same subject as section 45 of the old probate practice act, and, in reciting the disqualifications of persons to act as executor, it wholly omits the provision excluding an applicant "who is absent from or resides out of the state." What the effect of that statute may be we do not now decide, as it has not been argued. We reserve an opinion. But we think that it is better that whatever rights appellant may have should be decided upon a consideration of said section 2401. A treatment of the question as raised by the brief would be wholly valueless as a precedent, for the reason that the question cannot arise in the future. It would be valueless in this case, for the reason that the applicant should be allowed to make his application, and contend only with the disabilities provided in the Code of 1895.

It is therefore ordered that this case be remanded to the district court, with directions to dismiss the application for appointment as executor, without prejudice to the making of a new application, dependent upon the law as existing after July 1, 1895. The costs of this appeal must be paid by the applicant.

*Remanded.*